MUMFORD et al., Appellants, v. ROOD, Respondent.

(164 N. W. 75.)

(File No. 4044. .Opinion filed August 23, 1917. Rehearing denied November 2, 1917.)

Guardian and Ward—Ward's Estate, Care of——Loans to Insolvent Bank, ' Extraordinary Circumstances to Justify—Guardian's Liability—Evidence, Sufficiency.

Where trial court found that guardian had been diligent in caring for interests of his wards; that the conditions in and around the county were so extraordinary as to justify loans to a bank, which was in fact insolvent, and by its judgment allowed the guardian's account by crediting him for amount of the bank certificates of deposit, such judgment will be affirmed; since, while the evidence is somewhat conflicting, the Supreme

Court are unable to find that the clear preponderance of it supports the wards' position.

Appeal from Circuit Court, Meade County. Hon. Levi McGee, Judge.

In the matter of the final accounting of Frank M. Rood, as guardian of Edgar Mumford and another, minors. From a judgment adverse to them, the minors appeal. Affirmed.

*Null & Royhl,* for Appellants.

*Martin & Mason,* and *Philip & Waggoner,* for Respondent.

GATES, P. J. This matter arises upon the final account of Frank M. Rood, guardian, wherein he sought to turn over to his wards certain certificates of deposit in the Meade County Bank, an insolvent corporation. Upon a former appeal this court reversed the action of the trial court in approving the guardian's account. Mumford v. Rood, 36 S. D. 80, 153 N. W. 921. In the opinion therein this court said, concerning diligence to conserve the interest of the wards:

"Upon the trial in the circuit court, respondent made no attempt to show such diligence, and failed to show any extraordinary conditions justifying his loans to the bank. It is quite possible that, upon a further trial, he may be able to affirmatively establish that the conditions were so extraordinary as to justify him in the course pursued. This court is not inclined to hold, as some courts do, that loans to banks are always at the trustee's risk; but we do hold that it is incumbent upon a guardian to justify such loans."

Upon a new trial the trial court found that the guardian had been diligent in caring for the interests of his wards, and that the conditions in and around Meade county were so extraordinary as to justify the loans to the bank, and again allowed the guardian's account. From the judgment entered thereon, and from an order denying a new trial, the wards appeal.

Taking the above-quoted portion of the former opinion as a text, the appellants seek to show that the evidence is insufficient to justify the findings, while the respondent by the same text endeavors to show that the findings were warranted by the evidence. Additional testimony was offered beyond that appearing at the former trial and referred to in the former opinion. We do not deem it necessary to recapitulate such evidence, but do

conclude that, while the evidence is conflicting to some extent, we are unable to find that the clear preponderance of it supports the position of the wards. The other assignments of error argued by appellant's counsel have been considered, but are deemed to be without merit.

The judgment and order appealed from are affirmed.